*E-Filed* JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1195-GHK (FFMx) | Date | June 10, 2008 |
|---|---|---|---|
| Title | *The Cobalt Group, Inc., v. Erich Spangenberg, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   (In Chambers) Order re: (1) Defendants' Motions to Dismiss or Transfer Venue, and (2) Defendants' Motion for Sanctions

     This matter is before the Court on Defendants' Motion to Dismiss or Transfer Venue and Motion for Sanctions ("Motions"). Having considered the papers filed in support of and in opposition to the Motions, we deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the parties are familiar with the facts in the current action, we will not repeat any facts except as necessary.

     Plaintiff The Cobalt Group, Inc. ("Plaintiff") provides products and services to customers in the automotive industry, including a software system known as a "lead management application service," which helps automotive dealers convert customer leads into sales. Defendant ST Sales Tech Holdings, LLC ("Sales Tech") is the owner of U.S. Patent No. 6,941,305 ("the '305 patent"), which is a customer management system with special application in the automotive sale industry. Sales Tech has sued one of Plaintiff's customers, Chrysler Corporation LLC ("Chrysler"), alleging that Chrysler's lead management operation system, which was produced by Plaintiff, infringes the '305 patent.

     Plaintiff has filed claims against Defendants Erich Spangenberg ("Spangenberg"), Sales Tech, Orion IP, LLC ("Orion"), and Plutus, IP Holdings, LLC ("Plutus") (collectively, "Defendants") for: (1) declaration of non-infringement of the '305 patent, and (2) declaration of invalidity of the '305 patent. Although there is no dispute that only Sales Tech owns the '305 patent, Plaintiff's Complaint alleges that Defendants are all alter egos of each other, such that they are all proper parties to the suit.[1] Defendants now move to dismiss Plaintiff's claims for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim for alter ego. Defendants also move for sanctions against Plaintiff.

---

    [1]   Plaintiff's Opposition states that it will seek leave to file a First Amended Complaint removing Orion and Plutus as Defendants. However, under Fed. R. Civ. P 15 (a), Plaintiff does not need to seek leave of the court to file an amended complaint because no responsive pleading has been served. However, in the interest of judicial efficiency, we will simply dismiss Orion and Plutus based on Plaintiff's stated intent in its Opposition.

*E-Filed*   JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1195-GHK (FFMx) | Date | June 10, 2008 |
|---|---|---|---|
| Title | *The Cobalt Group, Inc., v. Erich Spangenberg, et al.* | | |

**I.    Motion to Dismiss**

    **A.    Legal Standard**

        1.    <u>Subject Matter Jurisdiction</u>

A motion to dismiss under Rule 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1). We are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotation marks omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to plaintiff. *See NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to plaintiff's allegations. *Thornhill Publ'g Co.*, 594 F.2d at 733. We are "not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Once the moving party makes a factual attack on jurisdiction by submitting affidavits or any other evidence properly before the court, the opposing party must then submit affidavits or any other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Thornhill Publ'g Co.*, 594 F.2d at 733.

        2.    <u>Personal Jurisdiction</u>

The plaintiff bears the burden of establishing that jurisdiction is appropriate by demonstrating "jurisdictional facts." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). "[W]e only inquire into whether [the plaintiff]'s pleading and affidavits make a *prima facie* showing of personal jurisdiction. Although the plaintiff cannot simply rest on the bare allegations of his complaint, uncontroverted allegations in the complaint must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

California's long-arm jurisdictional statute is coextensive with federal due process requirements, and "permits the exercise of personal jurisdiction to the full extent permitted by due process." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Depending

*E-Filed* JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1195-GHK (FFMx) | | Date | June 10, 2008 |
|---|---|---|---|---|
| Title | *The Cobalt Group, Inc., v. Erich Spangenberg, et al.* | | | |

on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either specific or general.

      a.    *Specific Jurisdiction*

We may assert specific jurisdiction over a claim for relief that arises out of a defendant's "forum-related activities." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993). The exercise of specific jurisdiction requires that:
> (1) the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
> (2) the claim must arise out of or result from the defendant's forum-related activities; and
> (3) exercise of jurisdiction must be reasonable.

*Id.*

The plaintiff bears the burden of satisfying the first two prongs, and if either of these prongs is not satisfied, personal jurisdiction is not established. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). However, if the plaintiff establishes the first two prongs, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. *Id.*

      b.    *General Jurisdiction*

A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic." *Bancroft & Masters,* 223 F.3d at 1086. The standard for establishing general jurisdiction is high and requires that the defendant's contacts be substantial enough to "approximate physical presence." *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1169 (9th Cir. 2006) (quoting *Bancroft & Masters,* 223 F.3d at 1086).

      3.    <u>Failure to State a Claim</u>

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept the allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiff. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). However, we need not accept as true conclusory allegations or legal characterizations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Transphase Sys., Inc. v. S. Cal. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993). Claims should be dismissed only when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Further, if dismissal is warranted, leave to amend should be granted, even if the plaintiff does not request it, unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

*E-Filed   JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1195-GHK (FFMx) | Date | June 10, 2008 |
|---|---|---|---|
| Title | *The Cobalt Group, Inc., v. Erich Spangenberg, et al.* | | |

### B.  Subject Matter Jurisdiction

Defendants move to dismiss Plaintiff's declaratory relief claims for lack of subject matter jurisdiction on the grounds that no "case or controversy" exists between the parties.  Defendants argue that there is no cognizable dispute regarding Plaintiff's infringement of the '305 patent because Sales Tech has not asserted rights under the '305 patent based on any ongoing or planned activity by Plaintiff. *See SanDisk Corp. v. STMicroelectronis, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) (holding that an Article III case or controversy exists where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party).  Plaintiff argues that a "case or controversy" does exist because Sales Tech has sued Chrysler alleging that its lead management application service, which was produced by Plaintiff, infringes the '305 patent.  Because Plaintiff produced and sold the service to Chrysler, it argues that a cognizable dispute exists, and that Plaintiff should be allowed to continue producing and selling its services without the "cloud" of potential litigation over its head.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  In determining whether the Article III case or controversy requirement is met in a declaratory judgment action, "[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 771 (2007).  The dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests;" the dispute must be "real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (internal quotations omitted).  The standard set forth in *MedImmune* is more "lenient" than the former "reasonable apprehension" test, which required an explicit threat or other action by the patentee which creates a reasonable apprehension of suit on the part of the declaratory plaintiff. *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 900-902 (Fed. Cir. 2008).

Here, Plaintiff states that it produced and sold the product to Chrysler that Sales Tech alleges infringes on the '305 patent.  Therefore, Sales Tech has asserted rights under the '305 patent based on ongoing and planned activity by Plaintiff, namely the production and sale of the allegedly infringing lead management application systems.  The fact that Sales Tech has already sued one of Plaintiff's customers for infringement of a service produced and sold by Plaintiff is sufficient to create a substantial controversy between the parties.  Even under the more stringent "reasonable apprehension" test, courts have found that suits or threatened litigation against a plaintiff's customers can give rise to a "case or controversy." *,See, e.g., Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 733 (Fed. Cir. 1988), *Triexe Mgmt. Group, Inc. v. Fieldturf Int'l, Inc.*, 2005 WL 272963, *1 (N.D. Cal. Feb 1, 2005) ("It is difficult to understand how defendants contend that plaintiffs lack a reasonable

*E-Filed   JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1195-GHK (FFMx) | | Date | June 10, 2008 |
|---|---|---|---|---|
| Title | *The Cobalt Group, Inc., v. Erich Spangenberg, et al.* | | | |

apprehension that they or their customers will be sued if they continue to install their artificial turf sports fields given that defendants have already sued plaintiffs (sic) customers. . .").  Accordingly, we conclude that an Article III case or controversy exists, and Defendants' Motion to Dismiss based on lack of subject matter jurisdiction is **DENIED**.

      C.      **Personal Jurisdiction**

Plaintiff's Complaint alleges that we have personal jurisdiction over Spangenberg because he is a resident of California.  However, Spangenberg provided a declaration stating that he has been a Texas resident since approximately 2006.  Plaintiff's Opposition does not appear to dispute that Spangenberg is now a Texas resident, and instead argues that he has sufficient contacts with California to warrant the exercise of general jurisdiction.  Plaintiff makes no argument that specific jurisdiction applies in this case.  Plaintiff then argues that because Sales Tech is the alter ego of Spangenberg, we have personal jurisdiction over Sales Tech through Spangenberg.  Plaintiff asserts no other basis for personal jurisdiction over Sales Tech.  Therefore, even if we assume that Sales Tech is the alter ego of Spangenberg, we would lack personal jurisdiction over Sales Tech if we do not have personal jurisdiction over Spangenberg.

      1.      <u>Spangenberg</u>

Plaintiff argues that in determining whether we have general jurisdiction over Spangenberg, we may assess his contacts with California over a period of several years, and that we may ignore his extended period of non-residency in California.  Plaintiff relies on *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) and *Threlkeld v. Tucker*, 496 F.2d 1101, 1104 (9th Cir. 1974) to support this proposition.  However, when read in context, these cases do not support Plaintiff's broad proposition.  In *Helicopteros*, the Supreme Court analyzed the ongoing, continuous business contacts that Helicopteros, a Columbian corporation, had with the state of Texas over a period of seven years.  The court concluded that Helicopteros's contacts with Texas were insufficient to subject it to general jurisdiction.  However, Helicopteros was still conducting ongoing business with Texas at the time of the suit, including purchasing helicopters and equipment from a Texas manufacturer.  *Helicopteros* did not involve a situation where the Court analyzed years of business contacts for a company that was based out of Texas but subsequently moved to another state or country.  Therefore, Plaintiff's reliance on *Helicopteros* for the proposition that we can simply ignore the fact that Spangenberg moved out of California and analyze his contacts going back almost ten years is misplaced.  Such an argument would completely ignore the "continuous" and "systematic" requirements of the general jurisdiction analysis.  Under Plaintiff's theory, any person who moves from one state to another would always be subject to personal jurisdiction in the former state by virtue of the contacts that existed at the time of their past residency.

Additionally, Plaintiff's reliance on *Threlkeld* is equally misplaced.  In *Threlkeld,* the defendant's ex-wife sued to recover a judgment that was awarded as a result of defendant's malicious prosecution of his ex-wife.  The court found that the action to recover the judgment was sufficiently

*E-Filed   JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1195-GHK (FFMx) | Date | June 10, 2008 |
|---|---|---|---|
| Title | *The Cobalt Group, Inc., v. Erich Spangenberg, et al.* | | |

related to the defendant's lawsuits against his wife, such that *specific jurisdiction* was proper. In essence, the court analyzed the relationship between actions to recover judgments and the prior forum contacts which gave rise to the judgment in the first place. Nothing in *Threlkeld* stands for the proposition that we can simply ignore Spangenberg's two year absence from California for purposes of exercising general personal jurisdiction.

Our inquiry is simply whether Spangenberg's contacts with California are "substantial" or "continuous and systematic" enough to approximate physical presence. *See Bancroft & Masters,* 223 F.3d at 1086. To support its argument for general jurisdiction, Plaintiff first asserts that Spangenberg maintained a California residence from at least 1994-2007. Plaintiff provides a real estate record for property in Rancho Mirage, CA, which lists Spangenberg and his wife as the owners of the property. However, Plaintiff also provides a "Trust Transfer Deed" dated August 19, 1999, which purported to transfer ownership of the Rancho Mirage property to Spangenberg and his wife as trustees of The Spangenberg Family Trust. Therefore, we will assume for purposes of our analysis that Plaintiff has shown that Spangenberg is the trustee of property located in Rancho Mirage, CA. However, even property ownership is insufficient to warrant the exercise of general jurisdiction. In *Rush v. Savchuck*, 444 U.S. 320, 327 (1980), the court stated that "the mere presence of property in a state does not establish a sufficient relationship between the owner of the property and the state" to support the exercise of jurisdiction over an unrelated cause of action. The court noted that property ownership is clearly *a* contact, but it is insufficient in and of itself to give rise to general jurisdiction. *Id.* Although property ownership may give rise to the inference that other contacts with California exist, it is Plaintiff's burden to show those contacts.

Second, Plaintiff argues that Spangenberg has served as the President or Registered Agent of California companies, some of which are incorporated outside of California, but nevertheless have a California business address. It appears that some of the companies Plaintiff is referring to are dissolved and are no longer conducting business. However, even if we assume that some of these businesses are still active, it is insufficient to approximate Spangenberg's physical presence in California. At most, Plaintiff has shown that these companies have a business and/or mailing address in California.

Third, Plaintiff argues that Spangenberg obtained California real estate licenses beginning in 1994, one of which is valid until 2009. However, many of these licenses are expired, and all of them were obtained before Spangenberg moved to Texas. Plaintiff has not shown that Spangenberg is currently using any of these real estate licenses or that he has used them since he moved to Texas. At most, Plaintiff has shown that Spangenberg obtained real estate licenses while he lived in California and that one of them has yet to expire.

Fourth, Plaintiff states that Spangenberg has made political contributions to several campaigns, listing his California residence as his home address as recently as June 18, 2007. We question the admissibility of Plaintiff's evidence on this issue. Plaintiff provides a list of contributions purportedly made by Spangenberg from the website of the "Center for Responsive Politics." Plaintiff has failed to establish the foundation for this information or show that it is reliable. However, even if we were to

*E-Filed* JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1195-GHK (FFMx) | Date | June 10, 2008 |
|---|---|---|---|
| Title | *The Cobalt Group, Inc., v. Erich Spangenberg, et al.* | | |

consider the information, it simply shows that Spangenberg made various political contributions and that he listed both a Texas address and an address in California. We do not know whether Spangenberg was required to give his then current place of residence when he made the political contributions. The mere fact that Spangenberg might list a California address for purposes of making campaign contributions is not akin to physical presence in California and does not equate to "systematic" and "continuous" contacts.

Lastly, Plaintiff argues that Spangenberg was a party to several lawsuits in California between 1998-1999, and that he filed lawsuits outside of California against citizens of California. There does not appear to be any dispute that Spangenberg was a California resident during 1998-1999. Therefore, it is not surprising that he would be involved in litigation in California while he was living here. However, the fact that Spangenberg was a party to a lawsuit in California almost ten years ago is irrelevant to whether he is now subject to general jurisdiction as a non-resident of California. Additionally, the lawsuit against citizens of California relied on by Plaintiff was actually filed by Sales Tech, not Spangenberg. However, even if we consider the lawsuit as having been filed by Spangenberg directly, it is patently obvious that suing a California corporation in another state is not considered a contact with California itself, much less such a systematic and continuous contact as to justify our assertion of general jurisdiction over him. In this instance, Plaintiff is not even alleging that Spangenberg sued a California corporation *in California*.

We have considered all of Spangenberg's contacts with California in their totality. We conclude that none of the above contacts with California, taken individually or together, are sufficient to give rise to general jurisdiction over Spangenberg. Although Spangenberg has some contacts with California, they do not rise to the "high" level of "substantial" or "systematic and continuous" contacts required for the exercise of general jurisdiction. Even when viewed together, none of these contacts – some of which are almost a decade old – are substantial enough to approximate physical presence. Because we determine that we do not have personal jurisdiction over Spangenberg, we need not consider whether we have jurisdiction over Sales Tech through an alter ego theory or whether Plaintiff has properly stated a claim for alter ego.

    2.    <u>Jurisdictional Discovery</u>

Plaintiff also argues that if we are not persuaded that the exercise of jurisdiction over Spangenberg or Sales Tech is proper, we should permit it to conduct jurisdictional discovery. The question of whether to allow discovery is generally within our discretion. *America West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989). In order to obtain discovery on jurisdictional facts, the plaintiff must at least make a "colorable" showing that the Court can exercise personal jurisdiction over the defendant. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). "Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare

//

*E-Filed  JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1195-GHK (FFMx) | Date | June 10, 2008 |
|---|---|---|---|
| Title | *The Cobalt Group, Inc., v. Erich Spangenberg, et al.* | | |

allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery...." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006). However, where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed. *America West Airlines*, 877 F.2d at 801.

Plaintiff argues that it has made a colorable showing with respect to Spangenberg's control over Sales Tech, such that jurisdictional discovery should be allowed. Thus, Plaintiff appears to believe that additional discovery will support its alter ego theory by providing more information regarding Spangenberg's control and abuse of the corporate fiction. However, Plaintiff makes no such argument with respect to personal jurisdiction over Spangenberg himself. Plaintiff has not pointed to any additional evidence that it believes it can acquire that would support the exercise of general jurisdiction. Plaintiff has not even argued that additional discovery would allow it to more clearly flesh out its existing evidence such that the relevance for purposes of jurisdiction would become clearer and stronger. There is no factual dispute that needs to be resolved by jurisdictional discovery, and Plaintiff has failed to make a colorable showing that it is entitled to such discovery. Therefore, we exercise our discretion to deny additional jurisdictional discovery in this case.

In light of the foregoing, Defendants' Motion to Dismiss for lack of personal jurisdiction is **GRANTED**.[2]

**II.     Motion for Sanctions**

Defendants move for sanctions on the grounds that this action was only brought to harass Defendants because Sales Tech is suing its customer, Chrysler. Defendants argue that the Complaint against Orion, and Plutus, and Spangenberg is frivolous and filed for an improper purpose because they are not the owners of the '305 patent. Plaintiff argues that at the time the Complaint was filed, it reasonably believed that Sales Tech, Orion, and Plutus were all alter egos of Spangenberg for purposes of personal jurisdiction, and that it still believes there is substantial evidence to support the allegation that Spangenberg is the alter ego of Sales Tech.

In light of the fact that Plaintiff has voluntarily sought to remove Orion and Plutus as Defendants based on the arguments made in Defendants' Motion to Dismiss, we decline to sanction Plaintiff for including them in its original Complaint. Additionally, although we need not determine the issue of whether Spangenberg is the alter ego of Sales Tech, which does own the '305 patent, we conclude that Plaintiff's alter ego claim was not so frivolous as to warrant the imposition of sanctions. Accordingly, Defendants' Motion for Sanctions is **DENIED**.

//

---

[2]  Other than to state that this court has the ability to transfer this case to another venue, neither party provides any argument as to why we should transfer this action instead of dismissing it.

*E-Filed  JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1195-GHK (FFMx) | Date | June 10, 2008 |
|---|---|---|---|
| Title | *The Cobalt Group, Inc., v. Erich Spangenberg, et al.* | | |

//
### III. Conclusion

Defendants' Motion to Dismiss is hereby **GRANTED**, as to all Defendants. This action is dismissed, without prejudice, for lack of personal jurisdiction over Spangenberg and Sales Tech. This action is also dismissed, without prejudice, as to Orion and Plutus on Plaintiff's voluntary dismissal. Defendants' Motion for Sanctions is **DENIED**.

**IT IS SO ORDERED.**

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | Bea | | |